UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA RONDINI<br><br>Plaintiff,<br><br>vs.<br><br>KRYSTA PERRONE-RONDINI<br><br>Defendant | CIVIL ACTION NO.<br><br><br><br>FEBRUARY 23, 2018 |

## COMPLAINT

Plaintiff, Linda Rondini ("Ms. Rondini" or "Plaintiff"), by and through the undersigned counsel, brings this lawsuit against Defendant Krysta Perrone-Rondini ("Ms. Perrone" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff Linda Rondini brings this action pursuant to the Uniform Fraudulent Transfer Act ("UFTA") codified under Connecticut law as Connecticut General Statutes § 52-552a *et seq.* arising from the transfer of the company Accurate Answer from her ex-husband Joseph Rondini to the Defendant Ms. Perrone. The transfer was made without compensation and for the purpose of defrauding Ms. Rondini who is owed alimony by Joseph Rondini pursuant to a Divorce Judgment entered by the Connecticut Superior Court, Judicial District of Danbury on May 18, 2011.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is based on 28 U.S.C. §§ 1441 as there is complete diversity between the parties and the subject of the equitable relief sought by the Plaintiff—the company Accurate Answer LLC—has a value in excess of $75,000.

3. Venue is proper in this court under 28 U.S.C. § 1391(b), as the Defendant is a resident of New Milford, Connecticut and the company Accurate Answer, LLC is a registered Connecticut LLC with a principle place of business in New Milford, Connecticut.

## THE PARTIES

4. The Plaintiff Linda Rondini is a resident and citizen of Pompano Beach Florida

5. The Defendant Krysta Perrone-Rondini is a resident and citizen of New Milford, Connecticut.

## FACTUAL BACKGROUND

6. The Plaintiff, Ms. Rondini and Joseph Rondini were legally divorced on May 18, 2011 upon entry of a Dissolution of Marriage Order in the Connecticut Superior Court, Judicial District of Danbury (the "Order").

7. The Order incorporated an agreement signed and entered into by Ms. Rondini and Joseph Rondini.

8. Among the agreements incorporated into the Order was an agreement that Ms. Rondini would transfer all of her interest in the company "Accurate Answer" to Joe Rondini. *See* Order Section 7.1.2.

9. In partial consideration for this transfer, Joseph Rondini agreed to make payments to Ms. Rondini of $10,000 per month. *See* Order Section 5.1.

10. By entering into the agreement, which the court then entered as the Order, the parties entered into a creditor-debtor relationship as contemplated by C.G.S. § 52-552a *et seq.*

11. Pursuant to the Order, Joseph Rondini made payments of $10,000 per month to Ms. Rondini from June of 2011 through March of 2017.

12. However, in April of 2017 Joseph Rondini made a partial payment of $5,000.

13. In the months of May through November of 2017, Joseph Rondini made partial payment of $7,500.

14. Finally, on November 20, 2017 Ms. Rondini, through counsel, filed a Motion for Contempt in the Connecticut Superior Court, Judicial District of Danbury.

15. As of the date of this filing, the Court has not ruled on the Motion for Contempt.

16. However, after some investigation, it is clear that ownership of the company, Accurate Answer, was transferred by Joe Rondini to his second and current wife, Defendant Ms. Perrone, sometime in 2012 and registered with the Connecticut Secretary of State as Accurate Answer, LLC.

17. This transfer of ownership of Accurate Answer LLC took place after entry of the Order.

18. This transfer of ownership of Accurate Answer LLC is documented in the public record.

19. Joseph Rondini has made statements to many witnesses, some in writing, that he transferred ownership of Accurate Answer LLC to his wife, Krysta Rondini and that such transfer was not for value or consideration.

20. Joseph Rondini has also taken the position in the above-reference contempt proceeding that because he now does not own Accurate Answer LLC—which was his largest asset at the time of the divorce—he cannot pay the $10,000 per month as set forth in the Order.

21. For the period from June 2011 through March 2017 when Mr. Rondini was making the $10,000 payments, said payments were coming from Accurate Answer LLC bank accounts with the permission of his wife and now owner of Accurate Answer LLC, Defendant Ms. Perrone.

22. Defendant is now no longer allowing the full payments pursuant to the Order to be paid from the Accurate Answer LLC accounts.

23. It is clear that Joseph Rondini transferred ownership of Accurate Answer LLC, his principle asset at the time of his divorce, to his second wife Defendant Ms. Perrone, with the intent to divest himself of assets and thereby make it impossible for him to pay, and for Ms. Rondini to receive, the $10,000 monthly payments as provided for in the Order.

### COUNT ONE
*Violation of the UFTA, C.G.S. § 52-552e(a)(1)*

24. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 - 23 of the Complaint as though fully set forth herein.

25. Joseph Rondini transferred his ownership of Accurate Answer LLC to his second and current wife Ms. Perrone in early 2012.

26. Said transfer of Accurate Answer LLC was made after Joseph Rondini became a debtor to Ms. Rondini, and Ms. Rondini became a creditor of Joseph Rondini pursuant to the Order.

27. Joseph Rondini made the transfer in ownership of Accurate Answer LLC, and the Defendant received ownership of Accurate Answer LLC, with the actual intent to hinder, delay or defraud Ms. Rondini.

28. The transfer of ownership of Accurate Answer LLC to Ms. Perrone was made without consideration or any reasonable equivalent value in exchange for the transfer.

29. Ms. Rondini was put on notice, and could have known that Joseph Rondini had fraudulently transferred Accurate Answer LLC to the Defendant after he began making partial payments in April of 2017 and thereafter claimed that he could not make full payments because he had no assets or funds to make such payments.

## COUNT TWO
*Violation of the UFTA, C.G.S. § 52-552e(a)(2)*

30. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 - 29 of the Complaint as though fully set forth herein.

31. Joseph Rondini transferred his ownership of Accurate Answer LLC to his second and current wife Ms. Perrone in early 2012.

32. Said transfer of Accurate Answer LLC was made after Joseph Rondini became a debtor to Ms. Rondini, and Ms. Rondini became a creditor of Joseph Rondini pursuant to the Order.

33. Joseph Rondini made the transfer in ownership of Accurate Answer LLC, and the Defendant received ownership of Accurate Answer LLC, with the actual intent to hinder, delay or defraud Ms. Rondini.

34. The transfer of ownership of Accurate Answer LLC to Defendant was made without consideration or any reasonable equivalent value in exchange for the transfer.

35. After the transfer of Accurate Answer LLC to Defendant, shortly after the Order was entered, Joseph Rondini no longer had sufficient personal assets to make the monthly $10,000 payments to Ms. Rondini as required in the Order.

**WHEREFORE**, while reserving the right to seek additional damages as available, Plaintiff prays for the following relief:

(a) Recession of the transfer of Accurate Answer from Joseph Rondini to Defendant pursuant to *C.G.S. § 52-552h;*

(b)   Attachment or other provisional remedy against Accurate Answer pursuant to *C.G.S. § 52-552h;*

(c)   Any other equitable relief deemed appropriate by this Court.

        Respectfully submitted,
        *Linda Rondini*

By: _____
        Nathan C. Zezula ct27936
        Lueker Mott Zezula LLC
        750 East Main Street
        6th Floor
        Stamford, CT 06902
        (203) 408-6500 (tel.)
        (203) 724-4179 (fax)

        *Her Counsel*